DYK, Circuit Judge.
Randy Williams (bankruptcy trustee for the estate of Lana Davis Johnson) and Jeffery Johnson (collectively “plaintiffs” or “appellants”), appeal from the decision invalidating claims 1-3 of U.S. Patent No. 5,655,545 (“the ’545 patent”). Williams v. Gen. Surgical Innovations, Inc., No. 1:00-CV-037 (E.D.Tex. May 22, 2002). Because claims 1-3 of the ’545 patent were properly held invalid under 35 U.S.C. § 102(b), we affirm the district court decision.
BACKGROUND
Appellants, the owners of the ’545 patent, filed suit against General Surgical Innovations (“GSI”), Tyco International, Ltd. (“Tyco”), and Origin Medsystems, Inc. (“Origin”) (collectively “appellees”) for infringement of claims 1-3 of the ’545 patent, entitled “Dissection of Tissue by Tissue Expander.” The ’545 patent was filed on March 30, 1995, as U.S. Application No. 419,384 (“the ’384 application”). The ’384 application claimed priority as a continuation-in-part of U.S. Application No. 134,629 (“the ’629 application”) filed October 12, 1993, which claimed priority as a division of U.S. Application No. 832,072 (“the ’072 application”) filed February 6, 1992. The ’072 application issued as U.S. Patent No. 5,258,026 (“the ’026 patent”).
The technology disclosed in the ’545 patent is directed to improved surgical methods for creating a space, cavity, or pocket between a patient’s tissues, e.g., between skin and the underlying muscle. In the disclosed method, a surgeon makes an incision into the body and inserts a hollow tissue expander into the incision. Once the expander is in position, fluid is forced into the expander, which causes it to expand and separate the tissues between which it is positioned. The specification of the ’545 patent describes in detail the use of the disclosed method for performing endoscopic breast augmentation mammoplasty. The patent states, however, that “[t]he description of breast surgery given below is a special case of the use of a hollow, expandable tissue expander for tissue dissection and the formation of a space, cavity or pocket.” Col. 3, II. 64-67. The asserted claims all require that the tissue expander be removed upon completion of surgery.
On April 17, 2001, GSI filed two motions for summary judgment that the priority date of the asserted claims of the ’545 *286 patent was the March 80, 1995, and that the claims were, therefore, invalid under 35 U.S.C. § 102(b) as anticipated by printed publications, public uses, and sales more than one year prior to that date. Each of the asserted claims required a step of “removing the hollow member on completion of surgery.” Claims 1-3 of the ’545 patent. According to GSI:
The ’026 patent did not describe a step of “removing the hollow member on completion of surgery,” but instead described only a procedure wherein the hollow member is left in place in the body as an implant, i.e., an inflatable “hollow member” is used to dissect a breast pocket, and the hollow member is then left in place as an implant within the breast pocket for the purpose of breast augmentation.
(J.A. 100.)
By motion dated May 15, 2001, plaintiffs opposed summary judgment, arguing that the ’545 patent was entitled to a priority date of February 6, 1992, corresponding to the filing date of the application that issued as the ’026 patent. Plaintiffs argued that “[although the principal focus of the ’026 patent was a new method of breast augmentation surgery, the subject matter of this patent did include the use of tissue expanders for dissection purposes” and that “[t]here is nothing in this patent which requires the surgeon to leave the tissue expander in the body.” Id. at 154.
On January 14, 2002, the district court issued a decision, finding that “the step of ‘removing the hollow member on completion of surgery’ in claim 1 is explicitly mentioned nowhere in the original disclosure [of the ’026 patent].” Williams v. Gen. Surgical Innovations, Inc., 178 F.Supp.2d 698, ___, slip op. at 16 (E.D.Tex.2002) (“First Memorandum Opinion and Order”). The court found that “no reasonable jury could find that the original disclosure reasonably conveyed to a skilled surgeon that the inventors had possession of the claimed method.” Id. at ___, 23. The court, therefore, granted summary judgment that the effective filing date of claims 1-3 was March 30, 1995.
On April 17, 2002, GSI submitted an additional motion for summary judgment based on the court’s January 14, 2002, decision and the admissions of the plaintiffs in response to GSI’s Requests for Admission. On May 22, 2002, the court granted summary judgment of invalidity under 35 U.S.C. § 102(b) based on the plaintiffs’ admission that “the subject matter of claims 1-3 of the patent-in-suit was used commercially in the United States by Dr. Johnson before the critical date of March 30, 1994.” Williams v. Gen. Surgical Innovations, Inc., No. 1:00-CV-037 at 3 (E.D.Tex. May 22, 2002) (“Second Memorandum Opinion and Order”). Plaintiffs timely filed this appeal. We have jurisdiction under 28 U.S.C. § 1295.
DISCUSSION
This court reviews a grant of summary judgment without deference, drawing all reasonable inferences in favor of the nonmovant and reapplying the standards used by the district court. Slip Track Sys., Inc. v. Metal-Lite, Inc., 304 F.3d 1256, 1262, 64 USPQ2d 1423, 1426 (Fed.Cir.2002). Priority is a question of law based on subsidiary factual findings. Id.
The sole issue on appeal is whether claims 1-3 of the ’545 patent are entitled to the priority date of the ’072 application. The right to an earlier priority date is provided by statute as follows:
An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed *287 in the United States ... shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application.
35 U.S.C. § 120 (2000) (emphases added). The right to priority is based on a previously filed eo-pending application or a chain of applications without a break in pendency. The parties here and the district court assumed that the disclosure of the ’026 patent was materially identical to the ’072 application. While we note that amendments may be made to the written description of an application prior to issuance as a patent, see 37 C.F.R. § 1.121(b), we will assume for the purposes of this appeal that the ’026 patent is not materially different from the ’072 application as originally filed.
Upon review of the ’026 patent, we find that there is no written description support for the claim recitation “removing the hollow member on completion of surgery.” On appeal, appellants argue that “there is nothing in this patent which requires the surgeon to leave the tissue expander in the body.” (Appellants’ Br. at 5.) The absence of a requirement to leave the expander in place is not a teaching to remove it. As this court stated in New Railhead Manufacturing, L.L.C. v. Vermeer Manufacturing Co., 298 F.3d 1290, 63 USPQ2d 1843 (Fed.Cir.2002),
The purpose of the written description requirement is broader than to merely explain how to “make and use”; the applicant must also convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention .... That is, the disclosure must show he had invented each feature that is included as a claim limitation. The adequacy of the written description fia, the disclosure) is measured from the face of the application.
Id. at 1295, 298 F.3d 1290, 63 USPQ2d at 1847 (citation omitted) (emphasis added). The ’026 patent does not, on its face, disclose the removal of the tissue expander. Appellants do not contest this fact, but rather rely on expert declarations to the effect that those skilled in the art would have known that the expander could be removed as part of surgery. (Appellants’ Br. at 12.) The declarations, however, were not directed to what the patent actually disclosed, but rather what a skilled artisan could conclude therefrom. We, therefore, hold that under 35 U.S.C. § 120 the ’545 patent cannot claim the priority date of the ’072 application for failure to meet the requirements under the first paragraph of 35 U.S.C. § 112. The critical date, therefore, is March 30, 1994. Based on the plaintiffs admissions to public uses and sales of the claimed invention prior to March 30, 1994, summary judgment was properly granted.
CONCLUSION
For the foregoing reasons, the decision of the district court is affirmed.
COSTS
No costs.